UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Joshua N. DeLeon,<br><br>    Petitioner,<br><br>  v.<br><br>Jeffrey A. Uttecht<br><br>    Respondent. | CASE NO. 3:19-cv-05424-RJB-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:  October 4, 2019 |

  The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

  Petitioner Joshua N. DeLeon. filed his federal habeas petition on May 13, 2019 pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 1. The Court concludes that petitioner failed to properly exhaust his state court remedies as to all grounds raised in the petition; however, a state remedy remains available to petitioner. Therefore, the Court recommends that the petition be dismissed without prejudice. The Court also

recommends denying petitioner's motion requesting the Court to rule on the petition ("motion to rule on the petition") (Dkt. 8) as moot without prejudice.

## BACKGROUND

Petitioner is in custody under a state court judgment and sentence imposed for his conviction by guilty plea for rape of a child in the first degree, child molestation in the first degree, and child molestation in the second degree. Dkt. 12, Exhibit 1. Petitioner was sentenced on May 11, 2018. *Id.* Although in the petition, petitioner states he did not file a direct appeal, *see* Dkt. 7, the state court record filed by respondent reflects that petitioner's direct appeal is still pending in the Washington Court of Appeals under Cause No. 51934-8-II. *See* Dkt. 7; Dkt. 12, Exhibits 2, 3, 4. Petitioner filed this petition on May 13, 2019. Dkts. 1, 7.

Petitioner raises four grounds for relief all based on his claim that he is unlawfully detained, and that the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 7. On July 22, 2019, respondent filed an answer, wherein he asserts that petitioner has not properly exhausted his available state court remedies. Dkt. 11. Respondent maintains that the petition should be dismissed without prejudice for failure to exhaust state remedies. Dkt. 11. Respondent does not address whether federal intervention with petitioner's pending state criminal proceedings would be inappropriate under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). And the Court sees no reason to make a determination on the *Younger* abstention issue at this time, since the matter can be resolved without reaching that issue.

The Court notes that on August 18, 2019, petitioner filed an "Rebuttal to the Court's Report and Recommendation." Dkt. 13. However, at that time, there was no pending report and recommendation in this matter.

**DISCUSSION**

**I.      Exhaustion**

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, petitioner challenges his 2018 judgment and sentence, which is still pending in his direct appeal in state court. Dkt. 12, Exhibits 2, 3, 4. Because petitioner's direct appeal is still pending, the state courts have not had a full opportunity to resolve any constitutional issues. Moreover, the time for filing a state court collateral challenge has not expired. *See* RCW § 10.73.090. The Court also notes that the state court may resolve petitioner's direct appeal in his favor, which could moot this petition. Therefore, the Court finds that petitioner's claims should be dismissed without prejudice because he has not exhausted the state court remedies. *See Watson v. Lampert*, 27 Fed. Appx. 824 (9th Cir. 2001) (affirming the district court's decision to dismiss the petition without prejudice for failure to exhaust when the petitioner's direct appeal was pending at the time he filed his § 2254 petition).

**EVIDENTIARY HEARING**

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would

entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds that it is not necessary to hold an evidentiary hearing in this case because, as discussed in this report and recommendation, the petition may be resolved on the existing state court record.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude that the issues presented in the petition should proceed further. Therefore, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

**MOTION TO RULE ON THE PETITION**

Petitioner also filed a motion to rule on the petition. Dkt. 8. Petitioner argues that respondent has failed to provide legal cause for petitioner's arrest and detainment. *Id.* As discussed above, the Court concludes that the petition is unexhausted and recommends that it be dismissed without prejudice. Accordingly, the Court recommends that petitioner's motion (Dkt. 8) be denied without prejudice as moot.

**CONCLUSION**

The Court recommends that the petition be dismissed without prejudice. No evidentiary hearing is necessary, and a certificate of appealability should be denied. Petitioner's motion to rule on the petition (Dkt. 8) should be denied as moot without prejudice. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on October 4, 2019 as noted in the caption.

Dated this 12th day of September, 2019.

J. Richard Creatura
United States Magistrate Judge